UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRILYN BELL-COKER, Individually and as Personal Representative of the Estate of MARTELL COKER, Deceased,

Plaintiff,

v.

CITY OF LANSING, a Municipal Corporation,
Lansing Police Officer AARON TERRILL,
Lansing Police Officer JASON PUNG,
Lansing Police Officer LORIEN WILLIAMS,
Lansing Police Officer DENNIS BUNCH,
Lansing Police Officer SGT DEL KOSTANKO,
Lansing Police Officer KEVIN SCHLAGE,
Lansing Police Officer BETH LARABEE,
Lansing Police Officer CEDRIC FORD,
Lansing Police Officer MANDI BRUNNER,
individually and in their official capacities,

Defendants.

Case No. 1:07-cv-812

HONORABLE PAUL MALONEY

**Opinion and Order**

**Conditionally Granting Plaintiff's Request to Dismiss Without Prejudice Counts 2, 3 and 8**

This is a civil-rights action under 42 U.S.C. §§ 1983 and 1988, with pendent claims under Michigan state statutory and common law. *See* Complaint filed August 20, 2007 ("Comp") ¶ 1. Plaintiff Terrilyn Bell-Coker ("Coker"), the mother of the late Martell Coker ("the decedent"), proceeding individually and as personal representative of the decedent's estate, alleges that the City of Lansing ("the City") and nine named City of Lansing Police Officers (collectively "the officers")

"willfully refused to provide or secure or facilitate medical help or assistance to Plaintiff's deceased[,] violating the deceased's rights under the Fourth and Fourteenth Amendments to the United States Constitution", causing the decedent to die. Comp ¶¶ 2 and 5. Coker further alleges that the officers used excessive force against the decedent, "preventing him from seeking medical attention on his own when he had the ability to do so." *Id.* Finally, Coker alleges that the City and its Police Sergeant Del Kostanko ("the sergeant") expressly or implicitly authorized the officers' conduct, and failed to train, supervise, and investigate the officers. *Id.*

Coker asserts one federal claim, count one, a § 1983 claim alleging the officers' violation of the decedent's Fourth and Fourteenth Amendment rights to be free from unreasonable seizure and the use of excessive force. *See* Comp ¶¶ 34-38.

Coker also asserts four claims under state law against all the defendants: count four alleges intentional infliction of emotional distress ("IIED"), *see* Comp ¶¶ 48-51; count five alleges negligent infliction of emotional distress ("NIED"), *see* Comp ¶¶ 52-55; count six alleges gross negligence, *see* Comp ¶¶ 56-59; and count seven alleges assault and battery, *see* Comp ¶¶ 60-62. On the federal claim and the state claims, Coker sues the sergeant and all the officers in their individual and official capacities, *see* Comp ¶ 8, and she demands a jury trial, *see* Comp at 1.

The defendants filed a joint motion for summary judgment, Coker filed an opposition brief, and the defendants recently filed a reply brief.

Coker's brief in opposition to summary judgment states, "Plaintiff voluntarily dismisses Count II against the City of Lansing, Count III: Supervisory Liability, and Count VIII - Wrongful Death." Coker's Opp at 1. Namely, Coker seeks to abandon two of her three federal claims: count two, a § 1983 claim alleging that the City had a policy and practice of preventing rescue of

individuals in need of medical help without providing reasonable alternatives, *see* Comp ¶¶ 39-42, and count three, which seeks to impose supervisory liability on the sergeant for violating the decedent's Fourth and Fourteenth Amendment rights by engaging in, directing, encouraging, acquiescing in, failing to prevent, and failing to investigate his officers' use of excessive force and deliberately indifferent prevention of the decedent getting needed medical care, *see* Comp ¶¶ 43-47. Coker also seeks to abandon one of her five state-law claims: count eight alleged wrongful death, *see* Comp ¶¶ 63-64, and paragraph 38h of the complaint, although part of a claim denominated as a § 1983 claim, mentioned a claim for wrongful death under MICH. COMP. LAWS § 600.2922.

Due to the procedural posture of this case, however, Coker cannot simply dismiss claims as she wishes. Once the defendants filed an answer, Coker lost the absolute right to voluntarily dismiss any claims without prejudice without leave of court or the consent of the opposing parties. Once the defendants filed an answer, the court gained the authority to impose conditions on any such dismissal.

"Traditionally, a plaintiff . . . had an unqualified right, upon payment of costs, to take a nonsuit in order to file a new action after further preparation, unless the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Cone v. West Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947) (citing *Pleasants v. Fant*, 89 U.S. (22 Wall.) 116, 122 (1874) and *Jones v. SEC*, 298 U.S. 1, 19 (1936) (Sutherland, J.)). Federal Rule of Civil Procedure 41(a)(1) "preserves this unqualified right of the plaintiff to a dismissal without prejudice *prior to the filing of defendant's answer*." *Cone*, 330 U.S. at 217 (emphasis added). S*ee* FED. R. CIV. P. 41(a)(1)(A):

(a) **Voluntary Dismissal**

(1) ***By the Plaintiff***

> (A) *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2 [governing class actions], and 66 [governing receivers], and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.

Boldface and italics in original. *See*, *e.g.*, *Logue v. Nissan North America*, *Inc.*, 2008 WL 2987184 (W.D. Tenn. July 30, 2008) (where defendant had filed only a motion to dismiss, not an answer or a motion for summary judgment, the plaintiff still had the right under Rule 41(a)(1) to voluntarily dismiss the complaint without court order or leave of opposing counsel); *Rouse v. Caruso*, 2007 WL 909600 (E.D. Mich. Mar. 23, 2007) (same).

Here, however, all the defendants jointly filed an answer on September 19, 2007 [document #8], over ten months before Coker filed the opposition brief in which she seeks to voluntarily dismiss three of her claims. Once the defendants filed their answer, Coker's request for voluntary dismissal of some claims was governed no longer by Rule 41(a)(1) but by Rule 41(a)(2), Voluntary Dismissal- By Court Order. The latter provides, in pertinent part, "Except as provided in Rule 41(a)(1), an action may be dismissed at plaintiff's request *only by court order*, *on terms that the court considers proper*." Emphasis added. *See Albright v. Upjohn Co.*, 788 F.2d 1217, 1222 (6th Cir. 1986) (Ralph B. Guy, J., dissenting o.g.) ("Rule 41(a) provides that after a party has filed either an answer or a motion for summary judgment a plaintiff may not dismiss as to that party without order of the court or by stipulation with [sic] all parties who have appeared.").

**The court determines that it would be inequitable to saddle the City of Lansing with the attorney's fees and costs attributable to defending against those three claims. The court**

**has discretion to condition the dismissal of these three claims on Coker's immediate payment of that portion of the City's expenses in this action which are attributable to the defense of those claims.** *Yetman v. CSX Transportation, Inc.*, No. 1:2008-cv-1130, 2009 WL —, *– (W.D. Mich. Jan. 6, 2009) (Paul L. Maloney, C.J.) (citing *Moore v. Irving Materials, Inc.*, 2007 WL 3024058 (W.D. Ky. Oct. 15, 2007) (granting motion for voluntary dismissal of complaint without prejudice pursuant to Rule 41(a)(2), but stating, "To the extent that [defendant] alleges that [he] has invested considerable time, effort, and expense, unique to the action before this Court, the Court will consider allowing Hanson to recover for such following submission of evidence of these amounts.")).[1]

**The court also has discretion, however, to fashion a less harsh remedy that still adequately protects the rights and interests of the defendant.** *Yetman*, 2009 WL — at *– (citing *Bridgeport Music v. Universal Music-MCA Music Pub.*, 481 F.3d 926, 931 (6th Cir. 2007) (Rule 41(a)(2) is "a discretionary procedural rule that explicitly allows a district court to impose terms and conditions upon a voluntary dismissal 'as the court deems proper.'") (quoting FED. R. CIV. P. 41(a)(2))). And "'Rule 41(a)(2) does not always require the imposition of costs as a condition to a voluntary dismissal . . . .'" *Yetman*, 2009 WL — at *– (quoting *Camacho-Albert v. Mendez & Co., Inc.*, – F. Supp.2d –, –, 2008 WL 5207000, *3 (D.P.R. Oct. 30, 2008) (citing *P.R. Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 51 (1st Cir. 1981)) and citing generally *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986) ("The purpose of the rule is primarily to prevent voluntary

---

1 *Cf. Even-Cut Abrasive Band & Equip. Corp. v. Cleveland Container Co.*, 173 F.3d 873, 877 (6th Cir. 1949) (where plaintiff sought to voluntarily dismiss his complaint against two defendants long after those defendants had filed an answer, and he clearly lacked meritorious claims against those defendants, he would be required to reimburse them for the costs imposed by his suit). The court here intimates no opinion as to the merits of Coker's claims in counts two, three, and eight.

dismissal which unfairly affects the other side, and to permit the imposition of curative conditions.”)).

**“Among the factors that courts in this circuit have considered in assessing whether to award a defendant fees and costs under Rule 41(a)(2) are**

> (1) whether the plaintiff acted in good faith in bringing and prosecuting the litigation, see *Wallace* [*v. Pittsburgh Steel Corp.*, 2007 U.S. Dist. LEXIS 44744, *10-11 (S.D. Ohio June 20, 2007)];
>
> (2) whether the defendant incurred substantial expenses in defending the action, including as a result of the advanced stage of the proceedings or the nature of the litigation, *see, e.g., Luckey [v. Butler Cty.*, 2006 WL 91592, *3 (S.D. Ohio Jan. 13, 2006)];
>
> (3) whether the plaintiff delayed in bringing the motion to dismiss, *see, e.g., Vaughn v. Alternative Design Mfg. & Supply*, No. 06-456, 2007 U.S. Dist. LEXIS 3361, *15-16 (E.D. Ky. Jan. 24, 2007); and
>
> (4) whether the work performed can be used in a subsequently filed action, *see, e.g., id.*

*Yetman*, 2009 WL — at *– (quoting *Dowling v. Select Portfolio Servicing, Inc.*, 2007 WL 2815567, *4 (S.D. Ohio Sept. 25, 2007) (Marbley, J.) (¶ breaks added)). There is no suggestion that Coker acted in bad faith, either in asserting counts two, three and eight in the first place or in requesting their voluntary dismissal. On the other hand, it is arguable that Coker waited an unreasonable period of time before asking to abandon these three claims; she not only required the defendants to answer those claims – not a particularly onerous or expensive task – she also waited for them to research and draft a motion for summary judgment on those claims – a more burdensome and costly task.

**Nonetheless, the court will grant Coker the voluntary dismissal of the three claims without requiring her to pay the defendants’ costs at this time.** This is because “the conditions imposed” on a 41(a)(2) dismissal, “if any, should only include what is necessary to eliminate the

harm done to the defendant." *Yetman*, 2009 WL — at *– (quoting *Greyhound Lines, Inc. v. Younan Props., Inc.*, 2008 WL 2340219, *3 (N.D. Tex. June 9, 2008) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 605 (5th Cir. 1976)) and citing *Carolina Cas. Ins. Co. v. Bogin, Munns & Munns, P.A.*, 2008 WL 2439812, *3 (M.D. Fla. June 13, 2008)).

**But Coker cannot with impunity wait for the defendants to begin defending against these three claims, abandon them, and later put the defendants to the expense of a *second* suit on the same causes of action.** Accordingly, the court will exercise its discretion under FED. R. CIV. P. 41(d), which provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of the previous action; and (2) may stay the proceedings until the plaintiff has complied."

Namely, the court will prohibit Coker from again suing these defendants on these three claims without first paying the City the reasonable attorneys' fees and costs it has incurred in the instant case. *See, e.g., Yetman*, 2009 WL — at *– (Maloney, C.J.) (same); *Ryerson & Haynes v. American Forging & Socket Co.*, 2 F.R.D. 343 (E.D. Mich. 1942) (Lederle, J.) (where plaintiff at a pre-trial hearing requested dismissal of action without prejudice after defendant had filed an answer, the court granted plaintiff's motion "provided that prior to the institution of another suit upon the cause of action here involved[,] plaintiff pays to defendant all of its taxable costs and all expenses incurred by said defendant in preparation for this case, said costs and expenses to be determined by the court prior to the time such second suit is commenced").[2]

---

2

*Accord Wright v. Standard Ins. Co.*, 2008 WL 5070228 (M.D. Fla. Nov. 24, 2008) (granting plaintiff's post-answer Rule 41(a)(2) motion for dismissal-without-prejudice, court stated, "The court declines to award attorney's fees . . . . This Court does, however, find it appropriate to

"This middle course[3] is equitable because it adequately protects the rights and interests of [all] parties." *Yetman*, 2009 WL — at *– (Maloney, C.J.) (citing *Martin v. City of Daytona Beach*, 2008 WL 4938347, *1 (M.D. Fla. Nov. 18, 2008) ("In exercising this 'broad equitable discretion under Rule 41(a)(2)', . . . the Court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.") (quoting *McCants*, 781 F.2d at 856)). Coker need not pay any of the defendants' costs unless she sues them again on these three claims. Nothing in the record suggests that such a limited fee award would unduly burden Coker or excessively deter her from re-filing those claims; for example, she is not proceeding *in forma pauperis* or *pro se*. *Yetman*, 2009 WL —

---

condition the dismissal of this suit upon the payment of Standard's reasonable attorney's fees and costs *should Wright re-file her claim* against Standard.") (emphasis added);

*Watson v. Alabama Bd. of Pardons & Paroles*, 2008 WL 2939520, *4 (M.D. Ala. July 25, 2008) ("[T]he court will instead impose as a condition, in accordance with Rule 54(d), that Watson pay all costs of this dismissed action if she 'files an action based on or including the same claim against the same defendants.'");

*Heitert v. Mentor Corp.*, 2007 WL 4051644 (E.D. Mo. Nov. 15, 2007).

3

The most lenient of the three options would be to let Coker abandon these three claims, notwithstanding the defendants' filing of an answer *and* a motion for summary judgment, without imposing *any* conditions on her right to bring a repeat suit on those claims. *See, e.g., King v. St. Lawrence*, 2008 WL 4559384, *1 and n.2 (S.D. Ga. Oct. 10, 2008) ("[T[he Court declines to impose any costs on plaintiff should he choose to refile this lawsuit. Due to the early stage of this case, Defendants have not yet been subjected to the expense of discovery. Also, Defendants . . . have filed less [sic] than twenty pages of substantive briefs with this Court. The Court also notes that, should Plaintiff choose to refile, it is likely that his legal arguments will be the same . . . . Therefore, it is unlikely that Defendants will incur additional legal expenses to any great degree.").

Such an action would insufficiently protect the defendants' rights, imposing no consequence on the plaintiff if she chose to subject her adversaries to suit a second time on claims she could have litigated now. That would upset the defendants' reasonable expectation that, as a matter of equity, they will be haled into court and suffer the inconvenience, burden, apprehension and expense of litigation *only once* for each controversy. *See Yetman*, 2009 WL — at *– (Maloney, C.J.).

at *– (Maloney, C.J.); *contrast Eaker v. Miller*, 2008 WL 4820361, *3 n.6 (M.D.N.C. Sept. 15, 2008) ("Courts sometimes condition Rule 41(a)(2) dismissal upon payment of costs (including attorneys fees) to the defendants who are being dismissed. Such a condition would be futile here since plaintiff is proceeding *in forma pauperis*.") (internal citations omitted).

**Finally, although Coker does not specify whether she seeks with- or without-prejudice dismissal, the dismissal will be *without* prejudice.** As the Eleventh Circuit has explained,

> A court may dismiss a case with prejudice based on either FED. R. CIV. P. 41(b), or the court's inherent power to manage its docket . . . . Under both of these authorities a dismissal with prejudice is an extreme sanction that may be properly imposed *only* when: (1) a party engaged in a clear pattern of delay or willful contempt (contumacious conduct) and (2) the district court specifically finds that lesser sanctions would not suffice.

*Dinardo v. Palm Beach Cty.*, 199 F. App'x 731 (11th Cir. 2006). There is not a sufficiently long or egregious pattern of delay or contempt here to justify Coker paying the price of with-prejudice dismissal. *Cf. Yetman*, 2009 WL — at *– (Maloney, C.J.) ("There is no such pattern of delay or contempt here, so Yetman should not pay the price of with-prejudice dismissal."); *Nesbitt v. Holmes Cty. Comm'rs*, 2007 WL 2900229, *2 (N.D. Fla. Oct. 2, 2007) (although action was pending for 22 months and defendant alleged it had "placed a considerable burden . . . in terms of financial and human resources", court declined to make dismissal with-prejudice) ("Defendants . . . state no reasons for requesting dismissal with prejudice. * * * Although the court deems plaintiff's explanation for his need to take dismissal inadequate, it finds that there has been no excessive delay or lack of diligence on plaintiff's part in prosecuting or in filing his motion to dismiss.").

## ORDER

No later than Friday, January 16, 2009, plaintiff **MAY** withdraw her request for voluntary

dismissal of counts two, three and eight (thereby avoiding the payment-upon-refiling condition).[4]

**If plaintiff does not withdraw her request, the following will occur on January 19, 2009:**

- Plaintiff's request to voluntarily dismiss counts two, three and eight will be GRANTED.
- Counts two, three and eight will be DISMISSED without prejudice[5] subject to this condition:
  - As a condition of instituting another suit – in *any* court – against defendant upon the causes of action in counts two, three and eight, the plaintiff will first be required to reimburse defendants for the reasonable attorneys' fees and costs which defendants incurred to defend against those three counts.
  - The plaintiff will also be required to pay interest on those fees and costs from the date of this judgment through the date of the filing of the complaint that institutes such new suit. The interest rate will be determined under Michigan law.
  - Said fees, costs, and interest will be determined by the court in which Coker seeks to institute such a new suit, at that time that new suit is commenced.

This is not a final and immediately appealable order.

**IT IS SO ORDERED this 9th day of January 2009.**

/s/ Paul L. Maloney

---

4 "'Following imposition of any conditions, plaintiffs are thereafter afforded an opportunity to withdraw the request for voluntary dismissal.'" *Yetman*, 2009 WL — at *– (quoting *Kienitz v. Met Life Ins. Co.*, 131 F.R.D. 106, 107 (E.D. Mich. 1990) (citing *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929 (9th Cir. 1986))).

5 Dismissal *without* prejudice is "the default outcome for grants of Rule 41(a)(2) motions." *Yetman*, 2009 WL — at *– (quoting *Luckey v. Butler Cty.*, 2006 WL 91592, *3 (S.D. Ohio Jan. 13, 2006) (citing *US v. One Tract of Real Property*, 95 F.3d 422, 425 (6th Cir. 1996))).

Paul L. Maloney
Chief United States District Judge