UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERRILYN BELL-COKER, Individually and as Personal Representative of the Estate of MARTELL COKER, Deceased, | Case No. 1:07-cv-812 |
| Plaintiff, | HONORABLE PAUL MALONEY |
| v. | |
| CITY OF LANSING, a Municipal Corporation, Lansing Police Officer AARON TERRILL, Lansing Police Officer JASON PUNG, Lansing Police Officer LORIEN WILLIAMS, Lansing Police Officer DENNIS BUNCH, Lansing Police Officer SGT DEL KOSTANKO, Lansing Police Officer KEVIN SCHLAGE, Lansing Police Officer BETH LARABEE, Lansing Police Officer CEDRIC FORD, Lansing Police Officer MANDI BRUNNER, individually and in their official capacities, | |
| Defendants. | |

## Opinion and Order

**Denying Plaintiff's Motion to Disallow Some or All of Defendants' Claim Costs;
Approving the Defendants' Proposed Bill of Costs;
Directing the Plaintiff to Pay Said Costs to Defense Counsel**

This was a civil-rights action under 42 U.S.C. §§ 1983 and 1988, with pendent claims under Michigan state statutory and common law. *See Bell-Coker v. City of Lansing et al.*, 2009 WL 166556, *1 (W.D. Mich. Jan. 21, 2009) (Paul L. Maloney, C.J.). Plaintiff Terrilyn Bell-Coker ("Coker"), the mother of the late Martell Coker ("the decedent"), proceeding individually and as

personal representative of the decedent's estate, alleged that the City of Lansing ("the City") and nine named City of Lansing Police Officers (collectively "the officers") "willfully refused to provide or secure or facilitate medical help or assistance to Plaintiff's deceased[,] violating the deceased's rights under the Fourth and Fourteenth Amendments to the United States Constitution", causing the decedent to die. *Bell-Coker*, 2009 WL 166556 at \*1. Coker further alleged that the officers used excessive force against the decedent, "preventing him from seeking medical attention on his own when he had the ability to do so." *Id.* Finally, Coker alleged that the City and its Police Sergeant Del Kostanko ("the sergeant") expressly or implicitly authorized the officers' conduct, and failed to train, supervise, and investigate the officers. *Id.*

Coker asserted one federal claim, count one, a § 1983 claim alleging the officers' violation of the decedent's Fourth and Fourteenth Amendment rights to be free from unreasonable seizure and the use of excessive force[1] and four claims under Michigan state law. *See Bell-Coker*, 2009 WL 166556 at \*1. The defendants jointly moved for summary judgment, Coker filed an opposition brief, and the defendants filed a reply brief. In January 2009, the court granted summary judgment to the defendants on the federal claim and declining supplemental jurisdiction over all remaining state-law claims (counts four, five, six and seven). *Id.* at \*8.

On February 2, 2009, pursuant to 28 U.S.C. § 1920, FED. R. CIV. P. 54(d), and W.D. MICH. LCIVR 4.1, the defendants filed a proposed bill of costs to be taxed against the plaintiff, and an itemized list of the individual costs. On February 11, the plaintiff filed a motion to disallow some or all of the defendants' claimed costs; the defendants filed an opposition brief on February 23, and

---

[1] At the unopposed request of Coker, the court dismissed counts 2, 3 and 8 without prejudice. *See Bell-Coker v. City of Lansing et al.*, 2009 WL 80291 (W.D. Mich. Jan. 9, 2009) (Maloney, C.J.).

the plaintiff did not seek leave to file a reply brief.  For the reasons that follow, the court will approve the defendants' proposed bill of costs.

## DISCUSSION

<u>The Defendants Complied with Local Civil Rule 7.1(d)</u>

Our district's local civil rule entitled "Attempt to Obtain Concurrence" provides:

> *With respect to all motions, the moving party shall ascertain whether the motion shall be opposed.*  In addition, in the case of all discovery motions . . . . *All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by this rule.*

W.D. MICH. LCIVR 7.1(d) (emphasis added).  "'The importance of the communication required by this rule . . . cannot be overstated'", *ECM Converting Co. v. Corrugated Supplies Co., LLC*, 2009 WL 385549, *2 (W.D. Mich. Feb. 13, 2009) (Maloney, C.J.) (quoting *Woodhull v. Kent Cty.*, 2006 WL 708662, *1 (W.D. Mich. Mar. 21, 2006) (Miles, J.)), and "[t]he remedy for failure to seek concurrence under the Local Rule 7.1(d) is denial of the motion without prejudice . . . ." *Piers v. Higgs*, 2009 WL 210997, *2 (W.D. Mich. Jan. 27, 2009) (Maloney, C.J.) (citing *Yetman v. CSX Transp., Inc.*, 2009 WL 35351, *1 (W.D. Mich. Jan. 6, 2009) (Maloney, C.J.)).[2]

---

[2]

*See, e.g.,* denying motions without prejudice due to failure to comply with LCivR 7.1(d):

*Aslani v. Sparrow Health*, 2008 WL 4642617 (W.D. Mich. Oct. 20, 2008) (Maloney, C.J.);

*Kim v. USDOL*, 2007 WL 4284893, *1 (W.D. Mich. Dec. 4, 2007) (Brenneman, M.J.) ("[T]he court properly denied plaintiff's motion for judgment on the pleadings because he failed to seek concurrence under the local court rule, W.D. MICH. LCIVR 7.1(d) . . . .").

*Silver v. Giles*, 2007 WL 2219355, *1 n.1 (W.D. Mich. July 27, 2007) (Miles, J.) ("In addition to failing to supply a supporting brief, plaintiff's motion failed to contain the affirmative statement of attempt to obtain concurrence required by Local Rule 7.1(d).  Plaintiff is hereby notified that any future motions filed without full compliance with these requirements will be

> Plaintiff's brief in support of her motion to disallow costs alleges that
>
> prior to filing Defendants' Bill of Costs, concurrence was not sought from Plaintiff's counsel, contrary to L Civ R 7.1(d) and L Civ R 54.1 (Ex 1, Affidavit of Theophilus E. Clemons, Esq.). * * * Plaintiff's counsel has never discussed the costs sought in Defendants' Bill of Costs with attorney Daniel W. Manis, and is concerned that Attorney Mabis has stated the contrary to this Court.

Pl.'s Br. at 1. Defense counsel responds, however, "This is not true. On Wednesday, January 28, 2009, five days before filing the Bill of Costs, undersigned counsel sent an email to Plaintiff's counsel attaching the proposed Bill of Costs and requesting concurrence." Defs.' Opp. at 1-2 (citing Ex A). Defense counsel attaches what appears to be an e-mail from "Mabis, Daniel" to the e-mail address [Darjd@earthlink.net](mailto:Darjd@earthlink.net) (which is the e-mail address which plaintiff's counsel registered with this court's Electronic Case Filing ("ECF") system) dated 2:59 p.m. on Wednesday, January 28, 2009. *See* Defs.' Opp, Ex A. The e-mail is entitled "Bell-Coker v City of Lansing" and states, in its entirety, "Mr. Robinson, Attached is our proposed bill of costs which I plan to file Friday if we cannot agree. Please let me know if I have your concurrence. Thanks, Dan[.]" *Id.*

If plaintiff's counsel wished to dispute the authenticity of the e-mail submitted by defense counsel, he could and should have sought leave to file a reply brief for that purpose. Absent any intimation to the contrary from plaintiff's counsel, the court finds that the e-mail submitted by the defendant is authentic. *See Griffin v. Reznick*, – F. Supp.2d –, –, 2008 WL 5110528, *7 (W.D. Mich. Dec. 2, 2008) (Maloney, C.J.) ("Because the Griffins have not challenged the authenticity of this e-mail exchange, which occurred before [defendants] filed the instant motion for summary judgment, the court accepts the e-mail exchange as a true and accurate record of communication between counsel. Accordingly, the court finds that [movants] complied with Local Civil Rule 7.1(d).").

---

stricken.")

Moreover, defense counsel did not file the proposed bill of costs until Monday, February 2, 2009, which was three business days (or five calendar days) after he e-mailed plaintiff's counsel seeking concurrence.  Absent unusual circumstances – such as the consulted counsel being away from the office due to illness, vacation, or a death in the family – such a period of time between consultation and filing will generally be more than adequate.  *Contrast Edwards v. SSA*, 2009 WL 367825, *3 (W.D. Mich. Feb. 12, 2009) (Maloney, C.J.) ("[I]t was not an adequate effort for counsel here to leave a message (presumably a voicemail) for opposing counsel, knowing that opposing counsel was on vacation, and then nonetheless file the motion later that same day.") (citing *Powers v. Thomas M. Cooley Law Sch.*, 2006 WL 2711512, *3 (W.D. Mich. Sept. 27, 2006) (Joseph G. Scoville, U.S.M.J.) ("Plaintiff's counsel . . Allowed defense counsel less than one business day in which to react to the issue, clearly an unreasonable time.  Plaintiff's counsel has displayed impatience and not a 'good faith effort to resolve each specific discovery dispute', as required by this court's local rules.")).

Therefore, the court determines that defense counsel complied with the consultation requirement, and its proposed bill of costs is properly before the court.

<u>The Court Is Not Required to Award Costs, but there is a Presumption in Favor of Doing So</u>

Preliminarily, the court notes that while federal statute (28 U.S.C. § 1920) merely *authorizes* federal judges to award costs to the prevailing party, the Federal Rules of Civil Procedure at the very least recommends and encourages the court to do so.  *See* FED. R. CIV. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – *should* be allowed to the prevailing party.") (emphasis added).[3]  Our Circuit has stated that "Rule 54(d)

---

[3] For the view that the word "should" constitutes a recommendation rather than a requirement,

'creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court.'" *In re Cardizem CD Antitrust Lit.*, 481 F.3d 355, 361 (6th Cir. 2007) (quoting *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001)).

It is the prevailing party's burden to establish "that the expenses it seeks to have taxed as costs 'are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920.'" *Irwin Seating Co. v. IBM Corp.*, 2008 WL 1869055, *1 (W.D. Mich. Apr. 24, 2008) (Bell, C.J.) (quoting *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995)).

<u>Defendants Are Prevailing Parties for Purposes of 28 U.S.C. § 1920 / FED. R. CIV. P. 54(d)</u>

There is no question that the defendants are prevailing parties in this action. They secured summary judgment on the lone claim on which this court ruled (the only claim which triggered this court's federal-question jurisdiction), Bell-Coker abandoned three claims, and her remaining state-law claims will be addressed, if at all, by the Michigan courts. The defendants did not lose on any claims or counterclaims, and there was no apportionment of liability as there might be in a non-constitutional civil tort case. *See, e.g., Hurd v. Am. River Trans. Co.*, – F. App'x –, –, 2009 WL

---

*see Harris v. Haeberlin*, 526 F.3d 903, 916 n.3 (6th Cir. 2008) (Batchelder, J., dissenting o.g.) ("The majority actually used the word 'should', for which I substituted 'must' based on my assumption that 'should' was merely a misstatement. If I am incorrect, and the majority actually intended to state the rule as a bland recommendation (i.e., should) rather than as a requirement (i.e., must) . . . .");

*Franklin v. Miami Univ.*, 214 F. App'x 509, 512 (6th Cir. 2007) (Clay, <u>Sutton</u>, N.D. Ind. D.J. Allen Sharp) ("'ought' and 'should' are often interchangeable'") (quoting WEBSTER'S 3D NEW INT'L DICTIONARY 1599 (2002));

*US v. Rogers*, 14 F. App'x 303, 305 (6th Cir. 2001) (p.c.) (Kennedy, Suhrheinrich, E.D. Mich. D.J. Gadola) ("The word 'should', in most contexts, is precatory, not mandatory.") (citing, *inter alia*, *US v. Nichols*, 661 F. Supp. 507, 509 (W.D. Mich. 1987) (Enslen, J.) and *Hamlet v. US*, 63 F.3d 1097, 1104 (Fed. Cir. 1995)).

103614, *3 (6th Cir. Jan. 15, 2009) (C.J. Boggs, Clay, D.J. Bertlesman) (holding that district court did not abuse discretion in denying defendant's motion for costs under FED. R. CIV. P. 54(d)(1), because "the jury found both parties fifty percent at fault and awarded monetary damages to [plaintiff]. This was a 'close and difficult case' and one with which the district court was very familiar . . . .").

<u>The Defendants' Proposed Bill of Costs and the Applicable Legal Standard</u>

Defendants' counsel, the firm of Plunkett Cooney, seeks $1,538 in costs, namely:

**$1,357.79 for fees for exemplification and copying** "any materials where the copies are necessarily obtained for use in the case", as evinced by:

– April 21 and 24, 2008 invoices from Capital Imaging in Lansing, totaling $592.88
– An April 14, 2008 invoice from Such Media in Okemos for $544.85
– A September 8, 2008 invoice from Paul G. Brandell for $31.20 for Ingham County Circuit Court transcript

**$86.00 for fees for transcripts** "necessarily obtained for use in the case", as evinced by:

– A May 30, 2008 invoice from Bienenstock Court Reporting in Bingham Farms

**$74.63 for "fees for service of summons and subpoena"**, which includes:

– a $21.20 initial fee
– a $21.20 fee for pages 1-20
– a $15.90 fee for pages 21-50
– a $13.86 fee for pages 51 and over
– $2.47 postage and handling, and no sales/use tax.

**$20.00 for docket fees under 28 U.S.C. § 1923**

Defendants' Bill of Costs, with unnumbered/unlettered exhibits (boldface added for emphasis).

"In awarding costs, the district court looks at whether the expense is an allowable cost item under the statute and, if so, [whether] the amount is reasonable and necessary." *King v. Gowdy*, 268 F. App'x 389, 391 (6th Cir. 2008) (Batchelder, Moore, E.D. Ky. D.J. Bunning) (citing *BTD Prods.,*

*Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 417 (6th Cir. 2005)).

The court finds that each of the costs sought by the defendants is of a type which the court is statutorily authorized to tax against a losing party. *See* 28 U.S.C. § 1920(1) ("Fees of the clerk and marshal"); § 1920(2) ("Fees for printed or electronically recorded transcripts necessarily obtained for use in the case"); § 1920 (4) ("Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"); and § 1920(5) ("Docket fees under section 1923 of this title").[4]

<u>Plaintiff is Not Entitled to Credit for Amount She Paid for Her Own Copy of a Criminal File</u>

Bell-Coker alleges that the defendants are seeking reimbursement for $859.24 in copying costs that she already paid. *See* P's Br. at 1. Bell-Coker attaches a copy of an August 11, 2008 check, payable to Plunkett Cooney, in the amount of $859.24. The check bears #6249 and is drawn on the account of David A. Robinson & Associates, P.C., at the Bank of America in Troy, Michigan. *See* P's Br., Ex 2 at unnumbered page 4. Bell-Coker sent that check to defense counsel as reimbursement for Such Media, Inc. Invoice #9105 (dated April 18, 2008 for $522.85) and Capital Imaging invoice #141163 (dated April 21, 2008 for $314.39).

The defendants explain that Bell-Coker's $859.24 defrayed only the cost of *her own copy* of the criminal file related to this case, Defs.' Opp at 2, and she has not filed a reply brief to gainsay this explanation. The court agrees with the defendants that they are entitled to reimbursement for the cost they incurred for *their* separate copy of that criminal file. On March 4, 2008, the defendants

---

[4] The defendants do not seek any costs of the types described in 28 U.S.C. § 1920(3) ("Fees and disbursements for printing and witnesses") and § 1920(6) ("Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.").

moved to compel disclosure of expert reports, and Magistrate Judge Carmody held a hearing on that motion on April 17, 2008. The defendants represent, without contradiction, that at the hearing,

> Plaintiff requested on the record to receive copies of all materials possessed by the City of Lansing regarding the underlying homicide and response by the Lansing Police Department and Lansing Fire Department. At that hearing, defense counsel suggested that a more appropriate procedure would be for Plaintiff's counsel to follow defense counsel to the Police Department that day, review the file and decide what items Plaintiff's counsel desired to have photocopied, because of the anticipated significant expense of producing the documents and electronic media items in the file. The file consisted of multiple VHS tapes, multiple 3 ½" diskettes, and several paper copies.
>
> Plaintiff's counsel insisted upon receiving a copy of the entire criminal file and indicated on the record that he would pay for the cost of copying and duplication. Defense counsel promptly sent the file for copying and duplication. The tapes and diskettes were placed on CDs. Had Plaintiff's counsel not insisted that the entire file be reproduced, defense counsel would not have needed a copy of the entire file. These copies were necessarily obtained for use in the case.

Defs.' Opp at 2-3 (paragraph break added, emphasis added). Having received no rebuttal on this issue from the plaintiff, the court finds that both copies of the criminal file were "necessarily obtained for use in the case," and that plaintiff's counsel must abide by his promise to pay for his own copy of that file. The $859.24 which plaintiff's counsel paid via the August 11, 2008 check covered the cost of plaintiff's copy of the file; plaintiff must now pay for *the defendants' copy* of the file.

<u>Plaintiff Must Reimburse Defendants for the Ingham County Transcript and Other Copying</u>

The plaintiff next objects to reimbursing defense counsel for its "in-house" copying costs. *See* P's Br. at 1-2. Finally, she objects to reimbursing defense counsel $31.20 for the preparation of a transcript from an Ingham County Circuit Court proceeding "which was never used for any reason." *Id.* at 2. The court rejects these objections and finds that the defendants are entitled to reimbursement of the requested $31.20 for the Ingham County Circuit Court transcript, and $525.25

for in-house copying of pleadings, discovery, motions and exhibits.  It is true that the defendants never filed the Ingham County Circuit Court transcript with this court, but that is because the plaintiff's case was too weak to survive summary judgment and go to trial.  Bell-Coker testified in the criminal case, and it was appropriate and necessary for the defendants to obtain that testimony for possible use in the instant civil case if their motion had been denied.  (The defendants also state, without contradiction, that they "obtained only a very small portion of the criminal trial transcript", *see* Defs.' Opp at 3 – in other words, they did not obtain more than was necessary for possible use in the instant case, and thus did not inflate the costs later taxable against the plaintiff.)

As for the in-house copying costs, they did not initially strike the court as so large – relative to the complexity, duration and activity in the case – that they "looked" unreasonable.  But the court was reluctant to tax such costs against the plaintiff without some documentation.  Accordingly, by order dated March 23, 2009, the court directed the defendants to file, no later than March 30, 2009, an itemized list describing the nature and length of each document which they copied in-house and for which they seek reimbursement.  The defendants timely filed the requested documentation [document #67], and the court finds that the in-house copying was necessarily done for use in this case and that it was reasonable in amount.

**ORDER**

Plaintiff's motion to disallow the proposed bill of costs [doc. # 65] is **DENIED.**

Defendants' proposed bill of costs in the amount of $1,538.42 [doc. #64] is **APPROVED**.

No later than Monday, May 18, 2009, plaintiff **SHALL PAY** $1,538.42 (one thousand, five hundred thirty-eight dollars and 42 cents) to the law firm of Plunkett Cooney as reimbursement for reasonable litigation costs under 28 U.S.C. § 1920 and FED. R. CIV. P. 54(d).

**Interest shall accrue** on any unpaid amount thereof beginning on Tuesday, May 19, 2009.

This case remains **TERMINATED** and **CLOSED**.

Because this court previously entered final judgment, **this order is immediately appealable.** *See In Re Cardizem CD Antitrust Lit.*, 481 F.3d 355, 358 (6th Cir. 2007) (*de novo* review applies to "questions about the meaning of" FED. R. CIV. P. 54(d) and 28 U.S.C. § 1920, but "once it is established that the district court has the authority to award costs . . . we give deferential review to its decision to impose costs and to the amount of any award.") (citing *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 417 (6th Cir. 2007) ("As long as statutory authority exists for a particular item to be taxed as a cost, we do not overturn a . . . determination that the cost is reasonable and necessary, absent a clear abuse of discretion.") (internal quotation marks and brackets omitted)).

**IT IS SO ORDERED this 31st day of March 2009.**

/s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge